IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ELLIOTT W. MOON, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. )<br>) | CIV. ACT. NO. 3:12cv1118-TFM<br>(WO) |

## MEMORANDUM OPINION

### I.  Procedural History

Plaintiff Elliott W. Moon, Jr. ("Moon") applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and supplemental security income benefits pursuant to Title XVI, 42 U.S.C. § 1381 *et seq.*, alleging that he is unable to work because of a disability.  His application was denied at the initial administrative level.  The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ concluded that the plaintiff was not under a "disability" as defined in the Social Security Act.  The ALJ, therefore, denied the plaintiff's claim for benefits.  The Appeals Council rejected a subsequent request for review.  Consequently, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v.*

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

*Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge. The case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1631(c)(3). Based on the court's review of the record in this case and the parties' briefs, the court concludes that the Commissioner's decision should be AFFIRMED.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .
>
> To make this determination, the Commissioner employs a five-step, sequential evaluation process. See 20 C.F.R. §§ 404.1520, 416.920.
>
> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[2]

---

[2] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The Issues

#### A. Introduction

Moon was 33 years old at the time of the hearing and received a certificate of attendance for completing a General Education Development class at East Mississippi Community College. (R. 44-45). He has prior work experience as a dryer operator and salvage laborer. (R. 67). Moon alleges that he became disabled on December 31, 2008, due to diabetes; morbid obesity; obstructive sleep apnea; narcolepsy; hypertension; hypercholesterolemia; swelling of ankles, legs, and joints; partial blindness; back and

knee pain; arthritis; and knee surgery. (R. 176). After the hearing on October 12, 2011, the ALJ found that Moon suffers from severe impairments of status post right knee medial meniscetomy; diabetes mellitus; morbid obesity; obstructive sleep apnea; and history of amblyopia, right eye. (R. 21). The ALJ found that Moon is unable to perform his past relevant work, but that he retains the residual functional capacity to perform sedentary work. (R. 22). Specifically, he found as follows:

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) he can occasionally lift and/or carry 10 pounds and frequently lift and/or carry less than 10 pounds. He can stand and/or walk for at least 2 hours in an 8-hour workday. He can sit about 6 hours in an 8-hour workday. He is limited with pushing and pulling of the lower extremities, reference occasionally with the right and frequent with the left. He can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs. He can occasionally balance. He can never: kneel, crawl, stoop and crouch. He should avoid all jobs that require good binocular vision. He should avoid concentrated exposure to temperature extremes, dust, vibration, humidity/wetness, and fumes, odors, chemicals, [and] gases. He has unlimited exposure to noise. He should avoid all exposure to unprotected heights and hazardous machinery. . . . He is restricted from commercial driving.

(R. 22). Testimony from a vocational expert led the ALJ to conclude that a significant number of jobs exist in the national economy that Moon can perform, including work as a stuffer, patcher, and optical assembler. (R. 33). Accordingly, the ALJ concluded that Moon is not disabled. (R. 34).

### B. The Plaintiff's Claims

Moon presents the following issues for review:

(1)   The ALJ failed to fulfill his obligation to inquire on the record as to whether there were any inconsistencies between the vocational

>
> expert's testimony and the Dictionary of Occupational Titles ("DOT") as required by Social Security Ruling 00-4p.
>
> (2) The testimonial evidence provided by the vocational expert and relied upon by the ALJ conflicts with/does not appear to be consistent with the DOT.
>
> (3) The Commissioner's decision should be reversed because Moon submits new and material evidence that further undermines the testimony of the vocational expert.

(Doc. No. 12).

## IV.  Discussion

**A.   The Vocational Expert's Testimony and the DOT[3]**

At Step Five of the sequential analysis, the ALJ was required to determine whether Moon was able to perform any other work within the economy. *McDaniel*, 800 F.2d at 1030. When making this determination, the ALJ consulted the opinion of a vocational expert ("VE"). *See Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999) (holding that, "[w]hen the claimant cannot perform a full range of work at a given level of exertion or the claimant has non-exertional impairments that significantly limit basic work skills," the "preferred method of demonstrating that the claimant can perform other jobs is through the testimony of a VE"). The ALJ then determined that Moon was not disabled based on the vocational expert's testimony that Moon "would be able to perform the requirements of representative occupations such as stuffer (DOT #731.685-014,

---

[3] Plaintiff's Claims One and Two will be discussed under this heading.

sedentary, unskilled) with 5,000 jobs regionally and 390,000 jobs nationally; patcher (DOT #723.687-010, sedentary, unskilled) with 4,000 jobs regionally and 85,000 jobs nationally; and optical assembler (DOT #713.687-018, sedentary, unskilled) with 4,000 jobs regionally and 85,000 jobs nationally." (R. 33).

Moon argues that the VE's testimony is inaccurate because the United States Department of Labor's online "O-Net" application (see http://www.onetoline.org/) lists these three jobs as requiring physical and environmental demands that are inconsistent with Moon's residual functional capacity.  However, Moon offers no authority for the proposition that the ALJ must consider whether the VE's testimony is consistent with the information available from the O-Net, and the court is aware of no such authority.  While the Department of Labor's website states that the DOT has been replaced by the O-Net, this statement is intended for use by its own ALJs who adjudicate labor cases.  *See* http://www.oalj.dol.gov/libdot.htm.  *See also* Occupational Information Development Advisory Panel*, Finding Report: A Review of the National Academy of Sciences Report, A Database for A Changing Economy: Review of the Occupational Informational Network (O\*Net)* 8 (June 28, 2010) ("[T]he O\*Net in its current form is not suitable for disability adjudication.").

The court notes that Social Security Ruling (SSR 00-4p) requires the ALJ to consider whether the testimony of the VE conflicts with the DOT.  Regardless of the content of the DOT, however, the ALJ was entitled to rely on the VE's testimony that someone of Moon's same age, education, work experience, and limitations could perform work available in the national economy, including work as a stuffer, patcher, and optical

assembler. The Social Security Administration is not bound by the DOT. *See Jones v. Apfel*, 190 F.3d 1224, 1230 (11th Cir. 1999) ("[T]he SSA itself does not consider the DOT dispositive."). "[W]hen the VE's testimony conflicts with the DOT, the VE's testimony 'trumps' the DOT . . . because the DOT 'is not the sole source of admissible information concerning jobs.'" *Id*. at 1229-30. The Eleventh Circuit has held that because the DOT is not comprehensive, reliance on the DOT is strictly within the discretion of the ALJ and "an ALJ may rely solely on the VE's testimony." *Jones*, 190 F.3d at 1230-31. *See also Hurtado v. Comm'r of Soc. Sec.*, 425 Fed. Appx. 793, 795-96 (11th Cir 2011) (The ALJ is not required to weigh both VE testimony and DOT because "the VE is an expert on the kinds of job a person can perform, while the DOT simply provides generalized overviews of jobs and not the specific requirements of a job.").

Moon also argues that the VE's testimony was unreliable because the ALJ did not ask the VE more in depth questions concerning whether each specified job was consistent with the DOT. During the hearing, the VE acknowledged that "everything is consistent with the DOT." (R. 67). In addition, the VE referred to the DOT when identifying jobs that a person with Moon's limitations would be able to perform. Moon's counsel also questioned the vocational expert about the DOT and the postural limitations of the three identified jobs. "The Commissioner may rely on a VE to 'offer relevant evidence within his [] expertise or knowledge concerning the physical and mental demands' of particular jobs." *Leonard v. Comm'r of Soc. Sec.*, 409 Fed. Appx. 298, 301 (11th Cir. 2011). "In this Circuit, a VE's testimony trumps the DOT to the extent that the two are inconsistent. . . . The ALJ was permitted to base his findings on these three jobs exclusively on the

VE's testimony, irrespective of any inconsistency with the DOT and was not required to seek further explanation." *Jones v. Comm'r of Soc. Sec.*, 423 Fed. Appx. 936, 939 (11th Cir. 2011).[4] Thus, the plaintiff is entitled to no relief on this basis.

### B. New Evidence

Moon asserts that the responses of a vocational specialist, Joshua S. Tilton, Ph.D., to interrogatories submitted by Plaintiff's counsel constitute "new and material evidence" warranting a remand under sentence six of 42 U.S.C. § 405(g).

Section 405(g), in part, permits courts to remand a case to the Social Security Administration for consideration of new evidence under certain circumstances. *Ingram v. Comm'r of Soc. Sec. Adm.*, 496 F.3d 1253, 1261 (11th Cir. 2007). Moon asserts that Dr. Tilton's opinion establishes that a person with Moon's residual functional abilities would be unable to perform work in the national economy. However, "a sentence six remand is available when evidence not presented to the Commissioner at any stage of the administrative process requires further review." *Ingram*, 496 F.3d at 1267. "[R]emand … is appropriate under sentence six when 'evidence, that was not before the Secretary, has been submitted for the first time to [a federal] court.'" *Id*. at 1268. Because the plaintiff seeks a remand based upon new evidence presented to this court, the question for

---

[4] In *Jones v. Comm'r of Soc. Sec.,* the court noted:

> Jones cites SSR00-4p, which provides that "[n]either the DOT nor the [VE's testimony] automatically 'trumps'" and instructs the ALJ to "elicit a reasonable explanation" for a conflict between the two before relying on the VE's testimony. Social Security Rulings are not binding on this Court to the extent that SSR-oo-4p conflicts with *Jones* [*v.Apfel, supra*], we are bound by Jones."

423 Fed. Appx. At 939 n. 4 (citations omitted).

the court is whether a remand pursuant to sentence six of 42 U.S.C. § 405(g) is warranted.

In order to prevail on a claim for remand under § 405(g), a plaintiff must show that "there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Ingram*, 496 F.3d at 1261.  *See also Shalala v. Schaefer*, 509 U.S. 292, 297 n. 2 (1993).  Thus, Moon must demonstrate that "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level."  *Milano v. Bowen*, 809 F.2d 763, 766 (11th Cir. 1987); *Robinson v. Astrue*, 365 Fed. Appx. 993, 996 (11th Cir. 2010); *Pichette v. Barnhart*, 185 Fed. Appx. 855, 857 (11th Cir. 2006).  *See also Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998); *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987).

The Commissioner argues that Moon has failed to demonstrate good cause for failing to submit Dr. Tilton's responses at the administrative level.  Moon argues that this court should "find good cause for allowing such evidence due to the further undermining of the testimony of the vocational expert that appeared at [his] administrative hearing and the ALJ's failure to comply with Ruling 00-04p."  (Doc. No. 12, Pl's Br., pp. 10-11).

Moon fails to demonstrate good cause for failing to solicit the interrogatory responses from the vocational specialist prior to November 12, 2012, when the Commissioner issued her final decision.  Dr. Tilton's responses were completed on May 17, 2013 – one year and seven months after the VE testified during the administrative

hearing before the ALJ. This court therefore concludes that a remand for reconsideration pursuant to sentence six of 42 U.S.C. § 405(g) is inappropriate because Moon fails to demonstrate good cause for failing to obtain the evidence prior to the close of the administrative proceedings. *See Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001) ("A claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim has been denied. To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier.")

Pursuant to the substantial evidence standard, this court's review is a limited one; the entire record must be scrutinized to determine the reasonableness of the ALJ's factual findings. *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992). Given this standard of review, the court finds that the ALJ's decision was supported by substantial evidence.

## V.     Conclusion

The court has carefully and independently reviewed the record and concludes that substantial evidence supports the ALJ's conclusion that Plaintiff is not disabled. Thus, the court concludes that the decision of the Commissioner is supported by substantial evidence and is due to be AFFIRMED. A separate order shall issue.

Done this 27th day of November, 2013.

                                                 /s/Terry F. Moorer
                                         TERRY F. MOORER
                                         UNITED STATES MAGISTRATE JUDGE